UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TRACY Q. DU,

    Plaintiff,

v.

LITTON LOAN SERVICING, et al.,

    Defendants.

Case No. 2:09-CV-00355-KJD-LRL

**ORDER**

Currently before the Court is Defendants' Motion for Judgment on the Pleadings (#15). Plaintiff filed a Response in Opposition (#19), to which Defendants filed a Reply (#20). The Court has considered the Motion, is Response and Reply, and for the reasons stated herein, grants Defendants' Motion.[1]

**I. Background**

On or about July 17, 2003, Plaintiff entered into a loan agreement with SIB Mortgage Corporation ("SIB") for $747,600 in conjunction with the purchase of real property located at 523 West Leroy Avenue, in Arcadia California. The deed of trust for the property named SIB as the lender, Investors Title Company ("ITC") as the trustee, and Mortgage Electronic Registration

---

[1] The instant Motion is also docketed as a Motion to Stay Proceedings (#16). Because this Order grants Defendants' Motion for Judgment under Rule 12(c), the Motion to Stay Proceedings (#16) is denied as moot.

1  Systems, Inc. ("MERS") as the nominee beneficiary.  Apparently, though the Complaint fails to
2  allege when, the Plaintiff subsequently defaulted on her loan, and the Defendants initiated
3  foreclosure proceedings.
4        Plaintiff filed her Complaint on February 24, 2009, alleging seven causes of action for (1)
5  Failure by a loan servicer to respond to notice of termination of relations, termination of power of
6  attorney and recession (sic) of deed of trust; (2) Conspiracy to committ (sic) fraud; (3) Fraud; (4)
7  Equitable relief; (5) Quiet title; (6) Temporary restraining order; (7) and Judicial review of
8  foreclosure proceedings and request for judicial notice.  Defendants' instant Motion seeks that the
9  Court grant judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).
10 **II. Legal Standard**
11       Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early
12 enough not to delay trial—a party may move for judgment on the pleadings."  The standard is
13 equivalent to that of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief
14 can be granted.  See Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  Any
15 party may move for judgment on the pleadings under Rule 12(c), or the court may raise the issue sua
16 sponte.  Ramsey v. Amfac Inc., 960 F.Supp. 1424, 1426 (N.D. Cal. 1997).   When ruling on a Motion
17 brought under Rule 12(c), a court may consider all pleadings, including the complaint and answer,
18 and any documents attached to them.  See Fed. R. Civ.P. 10(c); Moore's Federal  Practice §12.38 (3d
19 ed. 2000).
20       Accordingly, to survive such a motion, a complaint must be pled in such a fashion as to
21 demonstrate the plaintiff's entitlement to relief.  This requires that a complaint provide, "a short and
22 plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2);
23 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed
24 factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the
25 elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v.
26 Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative

level." Twombly, 550 U.S. at 555. Thus, to survive a Rule 12(b)(6) or 12(c) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering such motions. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570. This "requires more than labels and conclusions, and formulaic recitation of [a cause of action's elements] will not do." Bell Atl. Corp. v. Twombly, 550 US. 544, 555 (2007).

**III. Analysis**

Upon examination of Plaintiff's Complaint, the Court finds that Plaintiff has failed to allege facts sufficient to sustain any cause of action under Twombly. Though somewhat jumbled and rambling, the Complaint appears to allege violations of the Truth in Lending Act (TILA), breach of fiduciary duty, civil conspiracy, that the trustee's sale is barred by the doctrine of "ultra vires", violations of the Real Estate Settlement Procedures Act (RESPA), Rosenthal Act and Fair Debt Collection Practices Act, that the underlying loan transaction was somehow fraudulent, and that Plaintiff is entitled to rescission and/or injunctive relief. The Court groups these claims together acordingly and addresses the merit of each of them jointly herein.

**1. Fraud-based claims**

Plaintiff's allegations relating to fraud are not sufficient to sustain a claim for relief. To state a valid fraud claim, the plaintiff must detail the circumstances surrounding the alleged fraud with particularity as required under Fed. R. Civ. P. 9(b), including allegations establishing the time, place, identity of the parties involved, and the nature of the fraud. Yourish v. Cal. Amplifier, 191 F.3d 983, 993 (9th Cir. 1999). Here however, Plaintiff fails to do so.

The Complaint makes four allegations to support Plaintiff's fraud claims: (1) that Defendants altered loan documents; (2) that Defendants failed to give full disclosure with respect to the loan Transaction; (3) that Defendants failed to maintain accurate accounts and give full accounting under the loan; and (4) that one of the defendants failed to disclose its relationship with its successors. The allegations however, are vague and conclusory, and do not identify any specific documents or even which, if any, Defendant "altered" said documents. The pleadings also fail to identify any specific error or omission in the accounting records for the loan. Additionally, the Court finds that the Complaint neglects to set forth the elements of fraud with the requisite degree of particularity under Rule 9. Moreover, because Plaintiff's claims for fraud fail, her claim for fraudulent conspiracy is also unsustainable.

**2. TILA & RESPA**

Plaintiff's TILA and RESPA claims also lack merit. In support of her TILA and RESPA arguments, Plaintiff alleges that an unspecified Defendant failed to give accurate accounting of the loan transaction and that Defendants failed to respond to her inquiries about the loan or notice of rescission. (Compl. at 4–5.) These vague and conclusory allegations do not state a plausible claim for relief. Specifically, Plaintiff does not identify any specific disclosures that were not given to Plaintiff, or the date and content of any purported loan or rescission-related inquiry that was not answered.

### 3. Quiet Title

Plaintiff's claim for quiet title is also defficient. To establish a right to quiet title, a party must demonstrate, among other things, a description of the property in question and the legitimate basis for said party's right to title. See Cal. Code. Civ. Proc. 761.020. Here, Plaintiff has failed to allege that she is the rightful owner of the subject property, "i.e. that [she has] satisfied [her] obligations under the [loan documents]." Kelley v. Mortgage Elec. Registration Sys. Inc., 2009 WL 2475702 (N.D. Cal. Aug. 12, 2009). Plaintiff does not disclaim her failure to meet her payment obligations under the loan or to cure her default, which triggered the initiation of foreclosure proceedings. Accordingly, Plaintiff's claim for quiet title fails.

### 4. Injunctive Relief

The pleadings also fail to support Plaintiff's claim for injunctive relief. Though the Complaint references an "accompanying memorandum of law" that ostensibly ramparts her claim, no such memorandum has been submitted to the Court. Moreover, the pleadings fail to set forth the general equitable requirements for injunctive relief in this jurisdiction.

The basis for injunctive relief in federal court is irreparable injury and the inadequacy of legal remedies. See Weinberger v. Romero-Barcello, 456 U.S. 305, 312 (1982). In each case, the Court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. All courts agree that the plaintiff must satisfy the general equitable requirements by showing a significant threat of irreparable injury and that the legal remedies are inadequate. See Arcamuzi v. Cont'l Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). The traditional test focuses on whether the plaintiff has demonstrated a fair chance of success on the merits at the minimum, a significant threat of irreparable injury, at least a minimal tip in the balance of hardships, and whether any public interest favors granting the injunction. See American Motorcycle Ass'n. v. Watt, 714 F.2d 962, 965 (9th Cir. 1983). An alternative test permits the plaintiff to meet its burden by showing either a combination of probable success on the merits and the possibility of irreparable injury or serious questions as to these matters and the balance of

hardships tips sharply in plaintiff's favor. See First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378 (9th Cir. 1987). These are not separate tests but the outer reaches of a single continuum. See L.A. Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197, 1201 (9th Cir. 1980.)

As demonstrated above, Plaintiff has failed to demonstrate a likelihood of success on the merits of any of her alleged claims. She has also not demonstrated evidence or argument supporting any of the other factors, or the exigent circumstances necessary to merit injunctive relief. Accordingly, Plaintiff's claim for injunctive relief is also unsustainable.

### 5. Equitable Relief

Plaintiff seeks rescission of the loan documents by averring that there was no consideration given for her loan. This argument is baseless and contrary to basic and well-established principles of lending. Accordingly, Plaintiff's claim for equitable relief also fails.

### III. Conclusion

Accordingly, and for the reasons stated herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings (#15) is **GRANTED**.

DATED this 20th day of September 2010.

_____
Kent J. Dawson
United States District Judge